PEOPLE v LAPWORTH

Docket No. 271142. Submitted December 6, 2006, at Detroit. Decided
    December 28, 2006, at 9:10 a.m. Leave to appeal sought.

   Kevin Lapworth was arrested following an arson investigation that
   involved a search of the house he shared with Brian Hall. While
   the defendant was handcuffed in a police car after requesting an
   attorney, Hall gave the investigating officer permission to enter
   the house to call the assistant prosecutor, at which point the officer
   noticed a pair of shoes that had a similar tread pattern to
   footprints found at the crime scene. The officer released the
   defendant from custody, but asked permission to take the shoes.
   The defendant told the officer to obtain a search warrant, which he
   did. The defendant was arrested after the warrant was executed,
   and charged in the Newaygo Circuit Court with six felony counts.
   The defendant moved to suppress the evidence obtained during
   the search, arguing that his invocation of his right to counsel
   negated Hall's consent for the officer to enter the home. The trial
   court, Terrence R. Thomas, J., granted the motion, and the
   prosecutor appealed.

       The Court of Appeals *held*:

       The trial court erred in granting the motion to suppress the
   evidence. Hall's consent was sufficient authority to justify the
   officer's entry, and there is no evidence that the officer removed
   the defendant from the area for the purpose of depriving him of
   the opportunity to object. Having entered consensually, the officer
   would have been justified in seizing the shoes without a warrant
   because they were in plain view; therefore, using his observation of
   the shoes to establish probable cause to obtain a search warrant
   was not a constitutional violation that rendered the warrant
   invalid.

       Reversed.

SEARCHES AND SEIZURES — CONSENT TO SEARCH — SHARED PREMISES — EXPRESS
    OBJECTIONS.

       The invocation of the right to counsel or the right to remain silent
   does not constitute an express objection to a cotenant's consent to

a police officer's entry into the shared premises and therefore does not negate that consent.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Chrystal R. Roach*, Prosecuting Attorney, and *Ellsworth J. Stay, Jr.*, Chief Assistant Prosecuting Attorney, for the people.

*Rick A. Prysock* for the defendant.

Before: JANSEN, P.J., and SAWYER and BANDSTRA, JJ.

SAWYER, J. We granted leave to appeal in this case to address the question whether an invocation of the right to counsel constitutes an objection to the consent given by a cotenant to enter a residence, thereby negating that consent. We hold that a mere invocation of the right to counsel, or the right to remain silent for that matter, following an advice of rights does not constitute an express objection to a consensual entry into the premises and, therefore, is insufficient to negate a cotenant's consent to such entry.

Officer Kevin England was investigating an attempted arson at Sally's Restaurant in White Cloud. Footprints and tire marks were found at the rear of the building and a red gasoline can was found in the restaurant. Security video from a nearby store showed defendant and his roommate, Brian Hall, at the store around the time of the attempted arson. It also showed Hall with a gas can and defendant going inside to pay for the gasoline purchase. Officer England then visited defendant's residence to speak with him and Hall.

When defendant answered the door, England asked to speak with Hall. Hall agreed to speak with England, stepping outside to do so. He gave a statement that placed him at the scene but only implicated defendant as actually committing the crime. England then spoke

with defendant, who, after being read his *Miranda*[1] rights, stated that he wished to speak with an attorney. England, believing that he had probable cause to arrest defendant on the basis of Hall's statement, handcuffed defendant and placed him in a squad car. England then obtained permission from Hall, who went back in the house, to enter the premises and use the phone. England stated that he wanted to call the assistant prosecutor on duty regarding the case. Inside the house, England saw a pair of shoes on the floor with a tread pattern similar to that observed at the crime scene. After speaking with the prosecutor, the decision was made to release defendant from custody. England left the house without taking the shoes with him.

Outside, England asked defendant whether he could take the shoes or whether he needed to obtain a warrant. Defendant told him to get a search warrant. England obtained a warrant and, as a result, the shoes were seized and photographs were taken of the tire tread on a vehicle at the home. Thereafter, defendant was arrested and the vehicle seized.

Defendant moved to suppress the evidence, arguing that England did not have valid consent to enter the premises because defendant had invoked his right to remain silent and right to counsel. The trial court agreed with defendant. We do not, and we reverse the trial court's grant of defendant's motion to suppress. While we review the trial court's factual conclusions for clear error, we review the trial court's decision on a motion to suppress de novo.[2]

At the time Officer England entered the house, he had permission from Hall to enter the home and use the

---

[1] *Miranda v Arizona*, 384 US 436; 865 S Ct 1602; 16 L Ed 2d 694 (1966).

[2] *People v Wilkens*, 267 Mich App 728, 732; 705 NW2d 728 (2005).

telephone. Defendant, although he had invoked his rights to remain silent and to counsel, had not expressly granted or denied England permission to enter the home. In the absence of express denial of permission to enter, the consent by Hall was sufficient to allow England access to the common areas of the home.

This case is largely controlled by the United States Supreme Court's decisions in *Georgia v Randolph*[3] and *United States v Matlock*.[4] The facts in *Matlock* are somewhat similar to the case at bar: the defendant was arrested and placed in a squad car and consent to search the premises was obtained from a cotenant without inquiry of the defendant. The Court held that "the consent of one who possesses common authority over premises or effects is valid as against the absent, nonconsenting person with whom that authority is shared."[5] Thus, under the reasoning in *Matlock*, Hall could give consent to England to enter the premises in the absence of defendant.

The Supreme Court revisited the issue in *Randolph*, addressing the somewhat different issue of the police's authority to enter the premises where one cotenant gives consent and the other cotenant, who is present, objects. The Supreme Court held that under such circumstances the police are *not* authorized to enter.[6] But the Court did reaffirm the rule in *Matlock* that, in the absence of such objection, the consent of the cotenant is sufficient authority to justify entry and, also, that the police are under no obligation to seek consent from the absent suspect. This is true even if the potentially objecting tenant is nearby, such as in a

---

[3] 547 US 103; 126 S Ct 1515; 164 L Ed 2d 208 (2006).

[4] 415 US 164; 94 S Ct 988; 39 L Ed 2d 242 (1974).

[5] *Id.* at 170.

[6] *Randolph,* 126 S Ct at 1528.

squad car outside (though the police may not procure the tenant's absence for the purpose of denying the tenant an opportunity to object).[7]

Therefore, in the case at bar, Hall's permission to enter the premises was adequate if defendant did not, in fact, object. Defendant argues that his invocation of his rights following the *Miranda* warnings constituted a tacit objection and negated the consent given by his roommate. We disagree. First, we think it a rather long stretch to classify either the invocation of the right to remain silent or the right to counsel following *Miranda* warnings as even a tacit objection to consent to search. Second, the Supreme Court made it clear that "a physically present inhabitant's *express* refusal of consent to a police search is dispositive as to him, regardless of the consent of a fellow occupant."[8] Accordingly, even if we were to regard an invocation of rights following *Miranda* warnings as a tacit objection to consent to search, a tacit objection is insufficient under *Randolph*.

Indeed, this highlights the flaw in the trial court's reasoning in this case. The trial court centered on the question whether defendant could consent to Officer England's entering the home after he invoked his right to counsel. But, even assuming that the trial court is correct that a suspect is incapable of giving consent to search after invoking his right to counsel (a question we need not address here), that is irrelevant in this case. The officer's authority to enter the premises is not based on defendant's consent, but on his roommate's consent. And, under *Randolph*, that consent is sufficient authority unless defendant expressly objected, which he did not.

---

[7] *Randolph, supra* at 1527.

[8] *Id.* at 1528 (emphasis added).

Furthermore, we do not agree with defendant's argument that Hall's consent is insufficient because Officer England removed defendant and placed him in the cruiser in order to avoid his ability to deny consent to enter the premises. The Supreme Court in *Randolph* did suggest that where the police purposely remove the suspect so that the suspect will be unable to object, the cotenant's consent may not be sufficient.[9] But the Court did not create a blanket rule covering every situation in which the suspect's absence was attributable to the actions of the police. Rather, the Court was specifically referring to situations where the police intentionally removed the suspect for the express purpose of preventing the suspect from having an opportunity to object.[10] There is no indication that that is the case here.

We agree with Officer England that Hall's statement, especially when combined with the video surveillance, established probable cause to arrest defendant. Nothing in the facts suggests to us that the officer's motivation was to remove defendant from a position of being able to object to the officer's entry into the home. Indeed, when viewed in the totality of the circumstances, the officer's actions appear to be overly conscientious of defendant's rights. First, although the officer determined (correctly, in our view) that there was probable cause to arrest and could have taken defendant to jail, the officer chose instead to contact the prosecutor to determine whether to take that step or to release defendant from custody. Second, having seen the shoes and possessing probable cause to believe that they were evidence of a crime, he could have seized them. Instead, he asked defendant if he could take them and, in the

---

[9] *Id.* at 1527.

[10] *Id.*

absence of defendant's consent, obtained a warrant instead. This represents the actions of a police officer who is not even fully exercising his authority under the Fourth Amendment, not one who is aggressively avoiding the restrictions of the Fourth Amendment. Furthermore, we note that the trial court did not find that the arrest was made for the purpose of preventing defendant from objecting to the subsequent request to enter the premises.

The trial court's decision also seems to suggest that, even if Officer England's entry into the home was lawful, the subsequent search was not because the officer saw the shoes before obtaining a warrant. We disagree. England's testimony clearly established that he saw the shoes lying on the floor next to the phone. He further testified that he could see the tread pattern on the shoes without touching them and that before he touched the shoes he recognized the tread pattern as being the same distinctive tread pattern found at the crime scene. A police officer is authorized to seize without a warrant an item in plain view if the officer is lawfully in the position to observe the item and the item's incriminating nature is immediately apparent.[11] Because that is the case here, Officer England would have been justified in seizing the shoes when he first saw them. Thus, merely using those observations to establish probable cause to obtain a search warrant cannot be a violation of the Fourth Amendment that renders the warrant invalid.

For the above reasons, we conclude that the entry into the residence and the subsequent observation of the shoes were lawful. Accordingly, the trial court erred in granting defendant's motion to suppress.

---

[11] *Wilkens, supra* at 733.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.